IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEE VANCE THOMAS, III,
    Petitioner,

vs.                              Case No.  5:06cv113/SPM/EMT

SCOTT MIDDLEBROOKS,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

       This matter is before the court upon an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 5).  Respondent filed an answer (Doc. 10), and Petitioner filed a response (Doc. 13).  This case involves a dispute over Petitioner's entitlement to a discretionary sentence reduction for participation in an approved Residential Drug Abuse Program (RDAP) under 18 U.S.C. § 3621(e)(2)(B).

       The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of the issues raised by Petitioner, it is the opinion of the undersigned that Petitioner is not entitled to relief.

I.    BACKGROUND

       In October of 2001, following a guilty plea, Petitioner was convicted in the United States District Court for the Northern District of Mississippi of possession with intent to distribute in excess of 500 grams of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and sentenced to ninety-six (96) months of imprisonment (Doc. 5 at 2, supporting memorandum at 1-2; Doc. 10, Ex. 1).  The date of his offense conduct was February 17, 2001 (Doc. 10 at 9, Ex. 1).  At sentencing, Petitioner received a two-point sentence enhancement for possession of a firearm during commission of the offense, pursuant to section 2D1.1(b)(1) of the United States Sentencing Guidelines (Doc. 5, supporting memorandum at 1; Doc. 10, Ex. 4).

While housed at the Federal Prison Camp in Montgomery, Alabama, Petitioner was interviewed by Bureau of Prisons (BOP) staff to determine his eligibility for participation in RDAP (Doc. 5, supporting memorandum at 2). On April 7, 2005, Petitioner was notified that although he qualified for admission to RDAP, he was not eligible for early release under 18 U.S.C. § 3621(e) because the crime of which he was convicted was determined by the BOP to be a crime of violence based upon the two-point sentence enhancement for possession of a firearm (Doc. 5, supporting memorandum at 2, Ex. 1). Petitioner filed informal and formal grievances at the institutional level, and he appealed the denial of those grievances to the Regional Director of the BOP and the Central Office (*id.*, exhibits to supporting memorandum).

Petitioner filed the instant habeas action on January 23, 2006, in the United States District Court for the Middle District of Alabama (*see* Doc. 1). Upon Petitioner's transfer to a federal correctional facility located in the Northern District of Florida, the Alabama court transferred the case to this court (*id.*).

II.     ANALYSIS

In the instant petition, Petitioner challenges the BOP's decision to deny his early release on the three grounds: (1) the BOP abused its statutory discretion by determining that his offense was a crime of violence, based upon the two-point sentence enhancement; (2) the administrative regulations upon which the BOP's decision was based, specifically, Rule 550.58 of the Code of Federal Regulations and BOP Program Statement 5162.04, are invalid because the BOP failed to comply with the notice and comment provisions of the Administrative Procedure Act (APA); and (3) the BOP's decision violated the Due Process Clause and the Equal Protection Clause of the Constitution (Doc. 5, supporting memorandum at 4-8). Respondent contends Petitioner's claims are without merit.

As part of the 1994 Violent Crime Control and Law Enforcement Act, the BOP was charged with making available "appropriate substance abuse treatment" for inmates with "treatable condition(s) of substance addiction or abuse." 18 U.S.C. § 3621(b). If an inmate completes a drug and alcohol treatment program authorized under 18 U.S.C. § 3621(e),

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of

  Prisons, but such reduction may not be more than one year from the term the prisoner
  must otherwise serve.

§ 3621(e)(2)(B). Thus, section 3621(e)(2)(B) provides an incentive for inmates to enroll in and complete the treatment program. However, the statute makes <u>permissive</u> the BOP's determination to grant a reduction in sentence upon an inmate's successful completion of an RDAP. When an eligible inmate successfully completes drug treatment, the BOP has the authority, but not the duty, to reduce his term of imprisonment. Lopez v. Davis, 531 U.S. 230, 241, 121 S. Ct. 714, 148 L. Ed. 2d 635 (2001).

  To implement § 3621(e)(2)(B), in 1995 the BOP issued regulations governing substance abuse treatment programs and inmate eligibility for early release consideration under section 3621. 28 C.F.R. § 550.58 (1995). In 1995, 1996, and 1997, the BOP published three interim rules amending § 550.58. *See* 60 FR 27695 (1995); 61 FR 25122 (1996); 62 Fed. Reg. 53691 (1997). The interim rules were finalized on December 22, 2000. *See* 65 FR 80749 (2000). This final version of § 550.58 is the regulation under which Petitioner's case was reviewed. Title 28 C.F.R. § 550.58 provides:

  An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible . . . for early release by a period not to exceed 12 months.

  (a) Additional early release criteria.

   (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

. . . .

   (vi) Inmates whose current offense is a felony:

. . . .

    (B) That involved the carrying, possession, or use of a firearm . . . .

28 C.F.R. § 550.58. Neither section 3621 nor rule 550.58 defines "nonviolent offense," thus the BOP filled the statutory gap by designating certain offenses that preclude an inmate's receiving early release. *See* Federal Bureau of Prisons Program Statement 5162.04, Categorization of Offenses, para. 7 (Oct. 9, 1997). This Program Statement provides that a conviction for violation of 21 U.S.C.

§ 841, except 841(e), is categorized as a crime of violence for purposes of section 3621(e), if at the time of sentencing, the court makes a finding that the offense involved the use or threatened use of force, and this finding is reflected in the PSI section entitled "Offense Computation," subsection entitled "Specific Offense Characteristics," for example, by a two-level increase in the defendant's base offense level for possession of a firearm.  *Id.*, para. 7.b. (*see* Doc. 10, Ex. 5, pp. 11-12).

Petitioner first contends that the BOP abused its statutory discretion by concluding that his offense was a violent offense, thereby precluding him from receiving the one-year sentence reduction, based upon the two-point sentence enhancement for possession of a firearm (Doc. 5, supporting memorandum at 4).  The BOP asserts that Petitioner's Judgment and Commitment and his presentence investigation report (PSI) show that Petitioner's sentence was enhanced two levels based upon a Specific Offense Characteristic enhancement for possession of a dangerous weapon, to wit, a loaded Glock .40 caliber semi-automatic handgun with one round in the chamber (Doc. 10, Ex. 4).  Petitioner concedes that he received a two-level sentence enhancement for possession of a firearm in connection with his offense, pursuant to U.S.S.G. § 2D1.1(b)(1) (Doc. 5, supporting memorandum at 1).

Petitioner's argument is foreclosed by Lopez v. Davis, 531 U.S. 230.  In Lopez, the petitioner was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841.  531 U.S. at 236.  Finding that Lopez possessed a firearm in connection with his offense, the District Court enhanced his sentence by two levels pursuant to U.S.S.G. § 2D1.1(b)(1).  *Id.*  While incarcerated, Lopez requested substance abuse treatment.  *Id.*  The BOP found him qualified for its treatment program, but categorically ineligible, under 28 C.F.R. § 550.58(a)(1)(vi), for early release.  *Id.*  The Supreme Court held that the BOP may categorically exclude prisoners based on their preconviction conduct, and further held that the regulation excluding Lopez was permissible as the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision."  *Id.* at 244.  In light of this Supreme Court precedent, Petitioner has failed to show that the BOP abused its discretion by concluding that his offense was a violent offense based upon the two-point sentence enhancement for possession of a firearm during commission of his offense.

Petitioner's challenge to 28 C.F.R. § 550.58 and program statement 5162.04 on the ground that they are invalid because the BOP failed to comply with the notice and comment provisions of the APA is also without merit. Petitioner contends that 28 C.F.R. § 550.58 violates the APA because the BOP made the rule effective on October 9, 1997, six days prior to publishing the rule in the Federal Register, but the APA requires that an agency publish a rule "not less than 30 days before its effective date." 5 U.S.C. § 553(d) (emphasis added). However, as Respondent points out, the version of § 550.58 that was applied in Petitioner's case was the version that finalized the interim rules that were published in 1995, 1996, and 1997 (Doc. 10 at 8, Ex. 6).[1] The effective date of the final version was December 22, 2000, well beyond 30 days from the dates of publication of the interim rules. Therefore, the version of § 550.58 that was applied to Petitioner's case did not violate the APA.[2]

To the extent Petitioner contends that the BOP was required to comply with the notice and comment requirements with regard to Program Statement 5162.04, his claim is without merit. The program statement merely clarifies and explains the statutory language and is thus an "interpretive rule" that is not subject to the notice and comment requirements of the APA. *See* 5 U.S.C. § 553(b)(3)(A); Cook, 208 F.3d at 1317; Walther v. Bauknecht, 155 Fed. Appx. 463, 467 (11th Cir. Nov. 21, 2005); Gunderson v. Hood, 268 F.3d 1149, 1155 (9th Cir. 2001). Therefore, Petitioner's APA challenges to the BOP's decision are without merit.

Finally, Petitioner's challenge to the BOP's denial of a sentence reduction on due process and equal protection grounds is without merit. Petitioner avers that he has a liberty interest in receiving the one-year sentence reduction (Doc. 5, supporting memorandum at 4, 9-10). However, it is well settled that Petitioner has no constitutional or inherent right in being released before the completion of a valid sentence. Cook v. Wiley, 208 F.3d 1314, 1322 (11th Cir. 2000) (citing Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7, 99 S. Ct. 2100, 2103-04, 60 L. Ed. 2d 668 (1979)). Additionally, section 3621 does not create a constitutionally

---

[1] Petitioner does not dispute that the offense date of his conviction was February 17, 2001, after adoption of the final rule, effective December 22, 2000 (*see* Doc. 10 at 9).

[2] Petitioner's reliance on Bohner v. Daniels, 243 F. Supp. 2d 1171 (D. Or. 2003) is misplaced. In that case, the BOP applied the 1997 version of § 550.58 to the petitioner's case, and it was that version of the rule that the district court found violative of the 30-day notice requirement of the APA.

protected liberty interest.  *See* Cook, 208 F.3d at 1323 (citing Olim v. Wakinewkona, 461 U.S. 238, 249, 103 S. Ct. 1741, 1747, 75 L. Ed. 2d 813 (1983)); *see also* Walther, 155 Fed. Appx. at 465 (section 3621(e)(2)(B) "grants the BOP 'the authority, but not the duty, . . . to reduce [the prisoner's] term of imprisonment.'") (quoting Lopez, 531 U.S. at 241)).  Furthermore, not awarding a one-year sentence reduction does not "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Jacks v. Crabtree, 114 F.3d 983, 986 n.4 (9th Cir. 1997) (citing Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)).  It means only that Petitioner will have to complete his expected sentence.  *Id.*  Thus, Petitioner's due process claim is without merit.  *See* Zacher v. Tippy, 202 F.3d 1039, 1045 (8th Cir. 2000); McClean v. Crabtree, 173 F.3d 1176, 1184-85 (9th Cir. 1999); Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998); Wottlin v. Fleming, 136 F.3d 1032, 1035 (5th Cir. 1998); Jacks, 114 F.3d at 985-6 n.4.

As to Petitioner's equal protection claim, to state a claim for an equal protection violation based on the unequal administration or enforcement of neutral statutes and policies, Petitioner must show the following:  (1) he is similarly situated to others who received different treatment, and (2) the different treatment was motivated by a discriminatory purpose.  Strickland v. Alderman, 74 F.3d 260, 264 (11th Cir. 1996); E&T Realty v. Strickland, 830 F.2d 1107, 1112-13 (11th Cir. 1987). Thus, in order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that he was similarly situated in the relevant aspects to those who received more favorable or different treatment.  *See, e.g.*, Campbell v. Rainbow City, Ala., 424 F.3d 1306, 1314-1317 (11th Cir. 2006) (rejecting an equal protection claim where developer had not established that other projects were similarly situated in terms of, *inter alia*, proposed use, number of variances sought, procedural status and documentation presented to zoning board); Oliver v. Scott, 276 F.3d 736, 746-47 (5th Cir. 2002) (rejecting equal protection claim where security-related policy treated male and female prisoners differently because male prisoners in a certain prison were more numerous and had been convicted of more violent offenses).

Plaintiff must also allege Defendants acted with the intent to discriminate against him.  *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty, 830 F.2d at 1113.  There must be intentional discrimination: "[m]ere error or mistake in judgment" or "[e]ven arbitrary administration of a statute, without purposeful discrimination, does

not violate the equal protection clause." E & T Realty, 830 F.2d at 1114. "'Discriminatory purpose' implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of' its adverse effects upon an identifiable group." Id. (quoting Personnel Adm'r v. Feeney, 442 U.S. 256, 279, 99 S. Ct. 2282, 2296, 60 L. Ed. 2d 870 (1979) (omission in original)). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367–68 (11th cir. 1998) (finding that allegations that defendants' actions were "arbitrary and capricious in that [they] acted with an improper motive, without reason, or upon a reason that was merely pretextual" were insufficient to state a claim); Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987).

Liberally construing the allegations of the petition, Petitioner completely fails to allege that persons similarly situated to him received more favorable treatment, or that the BOP's decision to deny him early release was motivated by a discriminatory purpose. Therefore, his equal protection claim is without merit.

Accordingly, it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus (Doc. 5) be **DENIED** with prejudice.

At Pensacola, Florida, this 5<u>th</u> day of October 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 5:06cv113/SPM/EMT